FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 09 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BARBARA J. ZINNAMON,

                    Plaintiff,

-against-

THE BANK OF NEW YORK,

                    Defendant.
-----------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER
12-CV-627 (ARR)

ROSS, United States District Judge:

On February 6, 2012, plaintiff Barbara J. Zinnamon (also known as Barbara Zinnamon), appearing *pro se*, filed this action against defendant The Bank of New York. Plaintiff seeks "job replacement" and unspecified damages. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order and dismisses the complaint for the reason set forth below.

## Background

Plaintiff invokes this court's jurisdiction alleging that "discriminatory is disallowed in employment." Compl. at ¶ II. Plaintiff alleges that her "termination of April 30, 1996 should have never taken place." Id. at ¶ IV. Plaintiff attaches a decision from the New York State Unemployment Insurance Appeal Board dated July 22, 1996. The court takes judicial notice that plaintiff has already sued this defendant. On September 9, 1998, plaintiff commenced a *pro se* employment discrimination against defendant The Bank of New York. See Zinnamon v. Bank of New York, No. 98-CV-5707 (ARR). On May 5, 1999, the court approved the stipulation of discontinuance in this matter. On January 23, 2003, the court denied plaintiff's request to reopen the case. See Zinnamon, No. 98-CV-5707 (ARR), slip op. (E.D.N.Y. Jan. 3, 2005) (discussing litigation history).

## Plaintiff's Litigation History

Plaintiff is no stranger to this court.[1] After numerous warnings, the court recently directed plaintiff (along with Dwight Davidson, Jr.) to show cause why a filing injunction should not be entered against her and Davidson. Plaintiff's response to the order is due by March 5, 2012. See Zinnamon and Davidson v. Global Investors Trust, No. 12-CV-276 (ARR), slip. op. (E.D.N.Y. Feb. 1, 2012).

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] See Zinnamon and Davidson v. Global Investors Trust, No. 12-CV-276 (ARR); Zinnamon and Davidson v. Cablevision, No. 11-CV-5975 (ARR); Zinnamon and Davidson v. NYC Dep't of Health, No. 11-CV-5974 (ARR); Zinnamon for Davidson v. Verizon, No. 11-CV-5855 (ENV); Zinnamon v. Verizon, No. 11-CV-5854 (DLI); Zinnamon and Davidson v. People, No. 11-CV-2378 (ARR); Zinnamon and Davidson v. Cablevision, No. 11-CV-2029 (ARR); Zinnamon and Davidson v. NYC Housing Police, No. 11-CV-2028 (ARR); Zinnamon v. USPS, No. 10-CV-4795 (ARR); Zinnamon v. Cingular Wireless, No. 09-CV-5699 (ARR); Zinnamon and Davidson v. Sprint Wireless, No. 09-CV-5696 (CBA); Zinnamon v. Motorola, No. 09-CV-3824 (ARR); Zinnamon v. T-Mobile, No. 09-CV-3273 (ARR); Zinnamon o/b/o Davidson v. American Mail Order, No. 09-CV-2042 (ARR); Zinnamon v. NYC Dep't of Social Svcs., No. 08-CV-5266 (ARR); Zinnamon v. NYS Dep't of Educ., No. 08-CV-5149 (ARR); Zinnamon v. NYC Dep't Citywide Svcs., No. 08-CV-3612 (ARR); Zinnamon v. NYC CCRB, No. 08-CV-2155 (ARR); Zinnamon v. NYCPD, No. 08-CV-2153 (ARR); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR); Zinnamon v. PCF Newspaper, No. 08-CV-1400 (ARR); Zinnamon v. NYC Dep't of Educ., No. 08-CV-1399 (ARR); Zinnamon v. Bridge Security, No. 08-CV-1398 (ARR); Zinnamon v. Bank of New York, No. 06-CV-1805 (ARR); Zinnamon v. Bank of New York, No. 98-CV-5707 (ARR).

## Discussion

This action is yet another attempt by plaintiff to relitigate her prior employment discrimination case against defendant. See e.g., Zinnamon v. Bank of New York, No. 06-CV-1805 (ARR), slip op. (E.D.N.Y. May 3, 2006). Here, plaintiff again seeks to relitigate claims arising from her employment with The Bank of New York. Zinnamon v. Bank of New York, No. 98-CV-5707 (ARR). However, under the doctrine of *res judicata*, or claim preclusion, "[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-91 (2d Cir. 2000) ("Plaintiffs' assertion of new incidents arising from the application of the challenged policy is also insufficient to bar the application of *res judicata*."). Stipulations dismissing actions "with prejudice" have the effect of a final adjudication on the merits and bar future suits upon the same cause of action. Nemaizer v. Baker, 793 F.2d 58, 60-61 (2d Cir. 1986) ("A dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings."); see also Greenberg v. Board of Governors of Fed. Reserve System, 968 F.2d 164, 168 (2d Cir. 1992) (settlement agreement is a final judgment on the merits). Once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transactions out of which the first action arose. Channer v. Department of Homeland Security, 527 F.3d 275, 280 (2d Cir. 2008). The doctrine of *res judicata* mandates the *sua sponte* dismissal of the instant action. Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (*per curiam*); see also Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998). Therefore, plaintiff's attempt to relitigate claims that were already decided by this court or could have been raised in the previous action are barred by the doctrine of *res judicata*.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed based on the doctrine of *res judicata*. 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/
_____
Allyne R. Ross
United States District Judge

Dated: February 9, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Barbara J. Zinnamon
345 Livonia Avenue
#4F
Brooklyn, NY 11212